Claims Act, which provided for the waiver of sovereign immunity. Order affirmed, without costs. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.

■ In the Matter of the Claim of EILEEN EVANS, Appellant. ISADOR LUBIN, as Industrial Commissioner, Respondent.— Motion by the Industrial Commissioner for an order directing a review of and a new taxation of claimant-appellant's bill of costs heretofore taxed in the sum of $274.09 by deleting the item of $167.89. Motion denied. Motion for an order amending the decision of this court, dated December 19, 1957 (ante, p. 738), by deleting therefrom the words " Decision of the Unemployment Appeal Board reversed, with costs to the appellant" and by inserting in their place the words " decision of the Unemployment Insurance Appeal Board reversed, without costs ". Motion denied. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.

■ KARL J. DUELL, JR., Appellant, v. TOWN OF BOLTON, Respondent.— Motion to dismiss appeal granted, by default, without costs. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.

■ JOSEPH TRUDO, Appellant, v. COUNTY OF RENSSELAER et al., Respondents.— Motion to dismiss appeal granted, by default, without costs. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.

■ HOWARD A. PARKER, SR., Respondent, v. BOSTON AND MAINE RAILROAD, Appellant.— Stay granted upon condition that the appellant perfect the appeal on or before March 31, 1958, and is ready for argument at the present term of this court, and for this purpose the appeal is added to the calendar. The respondent may file a brief in typewritten form on or before the day of argument. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.

■ CLAIRE L. FEIDEN et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 32711.) — Appeal from an order of the Court of Claims. Claimant moved in the Court of Claims for an order directing the trial of this claim at a " Regular Term of this court held in New York City ". The action was on the calendar for the Albany Term when this motion was made. The claim arose from an accident in Schoharie County and the rules fix the Albany district as the place of trial for such a claim. The parties treat this motion as being governed practically by subdivision 3 of section 187 of the Civil Practice Act authorizing changes of place of trial in the Supreme Court on the ground of convenience of material witnesses and promotion of the ends of justice. For the purpose of this appeal we accept the Supreme Court practice as the standard applicable to changes of place of trial among the several court districts set up by the rules of the Court of Claims. The Civil Practice Act requirement as it has been construed is that the moving party must demonstrate factually the materiality of the testimony of each witness whose convenience is relied upon. The moving papers here leave this entirely to inference; no description is given by the moving party of the substance of the testimony to be given to support adequate determination of the question of whether the testimony to be given is " material" and if it is material, the extent to which it must be relied upon. The general rule followed is that, if the convenience of witnesses whose testimony is material is more or less evenly balanced, an action in the Supreme Court will be tried in the county where the cause arose. For the purpose of Court of Claims practice, this would be regarded as being in the " Albany District ". Claimants should not be precluded, however, from renewing their motion on showing facts necessary to determine the question of materiality and actual convenience of witnesses whose testimony will be necessary, weighed against similar considerations applied to witnesses to be called by the State. Order reversed and motion denied, without costs, and without prejudice. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.